# Westmoreland County Poor District *v.* Kiskiminetas Township Poor District, Appellant.

*Poor law—Settlement—Removal—Practice, Q. S.—Acts of June 13, 1836, P. L. 539, and April 6, 1905, P. L. 112.*

1. Under the Act of April 6, 1905, P. L. 112, the court of quarter sessions has the power to order the removal of a poor person to the district of his last legal settlement, although there has been no previous order of release or adjudication by two justices of the peace of the fact that the poor person is a pauper and chargeable to such district.

2. The Act of April 6, 1905, P. L. 112, affords a new and additional remedy to that provided by the Act of June 13, 1836, P. L. 539, and it does not repeal the earlier act.

Argued April 22, 1913. Appeal, No. 100, April T., 1913, by defendant, from order of Q. S. Westmoreland Co., Feb. T., 1912, No. 18, removing paupers in case of The Directors of a Home for the Destitute of the County of Westmoreland, Directors of the Westmoreland County Poor District v. The Poor District of Kiskiminetas Township, Armstrong County. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Petition for order of removal under the Poor Law of April 6, 1905, P. L. 112. Before DOTY, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the order of removal.

*J. W. King,* for appellant.—If the proper order of relief is wanting, except in cases of emergency perhaps, the order of removal is void: Edenburg Boro. Poor Dist. v. Strattanville Boro. Poor Dist., 5 Pa. Superior Ct. 516; Brush Valley Twp. Poor Directors v. Allegheny County Poor Directors, 25 Pa. Superior Ct. 595; Kennedy v. Poor Dist., 15 Pa. Superior Ct. 1; Elk Twp. v. Jordan Twp., 10 Pa. C. C. Rep. 245.

*Rabe F. Marsh,* with him *M. M. McGeary,* for appellee, cited: Winham Twp. Poor Dist. v. Colley Twp. Poor Dist., 32 Pa. C. C. Rep. 269; Bellefonte Borough Poor Dist. v. Howard Borough or Dist., 39 Pa. C. C. Rep. 554.

OPINION BY PORTER, J., October 13, 1913:

There is no dispute about the material facts in this case. McKinstry and his family, in February, 1912, had a settlement in Kiskiminetas township, Armstrong county, although they had for some months resided in the county of Westmoreland. McKinstry had been seriously ill for many weeks and he and his family were in destitute circumstances. Application was made by the wife of McKinstry to the directors of the poor of Westmoreland county for relief, and said officers promptly notified the poor law officers of the poor district of Kiskiminetas township, the appellant, of the facts, but the latter refused to receive the destitute family. The directors of the poor of Westmoreland county furnished to the sick man and his family necessary relief to a small amount, and promptly applied to the court of quarter sessions of Westmoreland county for a citation on the poor law officers of the appellant district to show cause why an order should not issue for the removal of the family in question into their custody, to be provided for by them. The court below after hearing made the order of removal prayed for and from that order we have this appeal.

Counsel for appellant states the question involved to

be: "Does the court of quarter sessions have power, under the Act of April 6, 1905, P. L. 112, where there has been no previous order of relief or adjudication by two justices of the peace of the fact that a poor person is a pauper and chargeable to a certain district, to order the removal of such person to the district of his last legal settlement?" Prior to the enactment of the Act of April 6, 1905, P. L. 112, the remedy of a poor district to secure the removal of a pauper not properly chargeable to it was under the Act of June 13, 1836, P. L. 539. The jurisdiction under the earlier statute to order the removal of a pauper, "where any such person has or is likely to become chargeable to such district into which he shall come," was primarily to be exercised by two magistrates of the county, and there was an appeal from their decision to the court of quarter sessions of the county; there was no original jurisdiction in the court. The act of 1836 was, upon the same day that the statute with which we are now dealing was approved, amended by the Act of April 6, 1905, P. L. 115, providing that the jurisdiction which had formerly been exercised by two magistrates should be vested in one. This clearly indicated that it was the legislative intention that the remedy provided by the act of 1836 should remain, and that a new and additional remedy should be provided by the Act of April 6, 1905, P. L. 112. When the authorities of a poor district elect to institute the proceedings for an order of removal before a magistrate, the procedure must comply with the provisions of the act of 1836 and its supplements. When such a proceeding has its origin in the court of quarter sessions, the jurisdictional facts must be determined under the provisions of the Act of April 6, 1905, P. L. 112, and the procedure must conform to the provisions of that statute. The jurisdiction conferred by this statute is not dependent upon any prior adjudication by a magistrate. The statute makes the jurisdiction of the court to depend upon the following facts: there must be an

application for relief in a district in which the party has no settlement, the officers of that district shall, as soon as may be, notify the officers of the place of the settlement of the party of the facts; and if the officers so notified refuse or neglect to receive the party the officers of the district to which the application has been made may invoke the jurisdiction of the court of quarter sessions; "and the said court shall proceed to hear and determine the cause upon its merits." This statute properly safeguards the interests of the district to which it is sought to remove the pauper by limiting the right of the district from which he is removed to compensation for his relief to the cost of the relief furnished after the district sought to be charged shall have received notice, and clothing the court of quarter sessions with jurisdiction to determine "the proper charges for the relief of the poor person from the date of the first notice above provided for, and all which expenses, costs and charges shall be ascertained and allowed by the court."

The order is affirmed and the appeal dismissed at cost of the appellant.