## Noxen Township Poor Dist. v. Monroe Township Poor Dist.

*Poor law—Order of relief—Settlement—Order of removal—Act of April 6, 1905, sect. 1.*

1. Under the Act of April 6, 1905, P. L. 112, an order of relief need not precede an order of removal.

2. A person who is chargeable as a pauper in one district, and is receiving aid, and is taken by the overseers of such district to another district, cannot acquire a settlement therein as long as such assistance continues. He does not come *bona fide* to inhabit therein.

Citation for an order of removal. Q. S. Wyoming Co., Jan. Sess., 1921, No. 1.

*Asa S. Keeler*, for citation; *Joseph F. Ogden*, for respondents.

TERRY, P. J., Aug. 1, 1921.—This is a proceeding under the Act of April 6, 1905, P. L. 112, instituted by the Overseers of the Poor of Noxen Township to secure an order removing one William Long, his wife and their three minor children, poor persons, from that poor district to Monroe Township Poor District, where, it is alleged in the petition, they have a legal settlement.

From the pleadings and the depositions taken we find the following

*Facts.*

1. Said Long and his family lived in and became chargeable to Monroe Township, Wyoming County, in 1915, and it is undisputed that they then had a legal settlement there.

2. In 1915 said family moved to Kingston, and thence to Luzerne Borough, Luzerne County, where they were assisted by Monroe Township Poor District. In January, 1917, after notification from the poor law officers of Luzerne Borough, the Overseers of Monroe Township, unable to secure a habitation for the Longs in Monroe Township, rented a house for them in Noxen Township, Wyoming County, and moved them into it, where they have since lived. When they came into Noxen Township, their legal settlement was in Monroe Township.

Noxen Township Poor District *v.* Monroe Township Poor District.

3. In 1917, after the Longs were moved to Noxen Township, and until May 3, 1918, the Overseers of Monroe Township furnished them necessary fuel, provisions and medical attendance.

4. The Overseers of Monroe Township paid the rent for the house in Noxen Township, occupied by the Long family, from the time they were moved into it in 1917 until Nov. 22, 1919. On the date mentioned said overseers paid the owner of that house $87 as such rent to that time. Since then no rent has been paid by any one.

5. On or about May 3, 1918, the Monroe Overseers caused the arrest and prosecution of Long for neglect to support his family, and he was sent to jail, but a month later was discharged by the court. At the time of his arrest and while before the justice who committed him, Long told the Monroe Overseers he didn't or wouldn't want any more help from them, and to take him off their books, which was immediately done. The day before such arrest, the Monroe Overseers furnished said family a small amount of provisions, and Long testified that one of said officials threatened to make him trouble the following day, at which time Long was taken to jail. It does not appear that the Noxen Overseers were notified of the aforesaid entry in the Monroe poor books.

6. Since going to Noxen, Mr. Long has been in poor health, frequently unable to work, his wife has required medical treatment and so have some of their children. During such period they have been in destitute circumstances much of the time, needing, but not always promptly receiving, aid until in June, 1920, after refusal of the Monroe Overseers to furnish it at the instance of the Noxen Overseers, to whom Long then applied for relief, upon notice to the Longs and the Monroe Overseers, a hearing was had before two justices to obtain an adjudication and an order of relief, which was attended by all parties. Apparently such order was then made, though the original has not been produced and the copy offered was objected to. Considerable testimony was taken concerning the making of such order, but as it has been decided that an order of relief need not precede an application for an order of removal, under the Act of April 6, 1905, P. L. 112, Westmoreland County Poor District *v.* Kiskiminetas Township Poor District, 54 Pa. Superior Ct. 584, there is no occasion for our consideration of the question raised by the objection.

7. Immediately following such action by the two justices, the Overseers of Monroe Township were notified by the Noxen Overseers that application would be made to this court for an order of removal. While this was denied in the answer filed to the petition, it was conceded, upon the argument before the court, that such notice was given and it is not now a matter of dispute.

8. When that notice was given, the Long family were poor, indigent persons, and had been such periodically during their stay in Noxen Township, where they lived in a house rented for them by the Monroe Overseers, the rent for which was paid by the latter officials up to Nov. 22, 1919.

9. Since June, 1920, this family has been aided by Noxen Township Poor District, which has expended or incurred liability for them, up to the time of taking the depositions submitted to us, amounts for necessary aid as follows: To Dr. C. L. Boston, for professional services, $35.50; to Risley & Crosby, for coal, provisions, clothing, etc., $242.62; total, $278.12.

*Conclusions of law.*

1. That William Long, Mrs. William Long, his wife, and their three minor children, Madeline, Mervin and Florence Long, are poor, indigent persons,

1 D. & C.

now living in Noxen Township Poor District, but whose legal settlement is and has been since 1915 in Monroe Township Poor District.

2. That in June, 1920, after refusal of relief by the Monroe Township Overseers, the said Longs applied to and became chargeable therefor upon said Noxen district; the officials of which thereupon gave notice to the Monroe Overseers of their intention to institute this proceeding, in which it appears that the settlement of said poor persons still remains in Monroe Poor District; and, in consequence, the order of removal prayed for should be granted, and the proper charges for the relief of said poor persons, furnished them by Noxen Poor District, together with the expense of removing them and the costs of this proceeding, should be paid by Monroe Poor District.

### Discussion.

Admittedly the poor persons involved in this case had a settlement in Monroe Township in 1915, which was not lost, unless by their residence in Noxen a settlement was acquired there. The only manner in which, under the evidence in this case, they could have transferred their Monroe settlement to Noxen was by going—using the language of the Act of 1905—*bona fide* to inhabit therein and continuing to reside there for one year. That the Longs resided in Noxen for more than a year before this case was begun is true, but they did not go there *bona fide* to inhabit. They were taken there by the Monroe Overseers because no house could be secured for them in Monroe Township, and the one obtained for them in Noxen was rented by the Monroe district officials. Other relief was subsequently furnished these poor persons by the latter district. Under such circumstances, the settlement in Monroe necessarily remained. While relief was being furnished these indigent ones by Monroe, Noxen could not become their settlement: Overseers v. Overseers, 18 W. N. C. 141; Destitute Home v. Fayette County Almshouse, 72 Pa. Superior Ct. 491. Nor could Monroe district terminate its liability by procuring Long's authorization to its overseers to take his name from their books upon his declaration of no need for help at a time when their action, then being taken, belied such declaration. See Brady Overseers v. Clinton Overseers, 148 Pa. 311.

Monroe Township Poor District, within a year preceding the commencement of this proceeding, recognized its liability for the support of the Long family by paying their rent for the house in Noxen occupied by them, and the doubtful explanation thereof offered by the Monroe Overseers does not rebut the legitimate deduction therefrom that the settlement of the Longs was still in Monroe Township. As, therefore, the legal settlement of the poor persons named is in Monroe Poor District, the prayer of the petition for their removal thereto must be granted. If the costs and charges cannot be agreed upon, they will later be ascertained by the court when required so to do.

The requests submitted by Monroe district, with the answers thereto, are hereto appended. The motions to quash the proceedings for want of a proper order of relief are overruled.

### Order.

Aug. 1, 1921, this case having been duly heard and determined upon its merits, as provided by law, it is adjudged that the said William Long, Mrs. William Long and their minor children, Madeline, Marvin and Florence Long, poor, indigent persons, now in and chargeable to Noxen Poor District, have a legal settlement in Monroe Township Poor District. Accordingly, the Overseers of the Poor of Noxen Township District are hereby authorized and directed to remove said poor persons to the Poor District of Monroe Town-

ship, and to deliver them, together with a certified copy of this order, to the Overseers of said Monroe district, who are hereby required to receive said poor persons as settled inhabitants of Monroe Township Poor District. The costs of this proceeding, the expense of such removal and the proper charges of the petitioners for the relief of said poor persons are directed to be paid by Monroe Poor District, which, if not agreed upon, will be ascertained by the court.